**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HEALTHY GULF, et al., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>DAVID BERNHARDT, et al., )<br><br>Defendants. ) | No. 1:19-cv-707 |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, David Bernhardt, in his official capacity as Secretary of the U.S. Department of the Interior; Joseph R. Balash, in his official capacity as the Assistant Secretary for Land and Minerals Management; the U.S. Department of Interior; and the Bureau of Ocean Energy Management ("BOEM") (collectively, "Defendants") hereby respond to the allegations contained in the Complaint, ECF No. 1, filed by Healthy Gulf, *et al.* ("Plaintiffs").

**RESPONSES TO COMPLAINT ALLEGATIONS**

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiffs' Complaint. Defendants do not specifically respond to the section headings included in the Complaint, but to the extent those headings expressly or implicitly include allegations, Defendants deny those allegations.

**INTRODUCTION**

1.      The allegations in Paragraph 1 constitute Plaintiffs' characterizations of this lawsuit to which no response is required. To the extent a response may be required, Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief.

2.      Defendants admit that the Gulf of Mexico is an ecologically rich area and is economically important to coastal communities. The remaining allegations in Paragraph 2 are otherwise too vague to permit a response. To the extent a response to the remaining allegations may be required, Defendants deny those allegations.

3.      Defendants deny the allegations in the first sentence of Paragraph 3.  The remaining allegations in Paragraph 3 are too vague to permit a response. To the extent a response may be required, Defendants deny the allegations.

4.      Defendants admit that in 2017 BOEM held the first lease sale scheduled in the current Five Year Outer Continental Shelf (OCS) Leasing Program, which program includes up to ten lease sales from August 2017 to March 2022 in the Gulf of Mexico, with each potential lease sale area including all available lease blocks not subject to Congressional moratorium. Defendants deny all remaining allegations in Paragraph 4.

5.      Defendants admit that on January 30, 2019 the Assistant Secretary for Land and Minerals Management signed a Record of Decision for Lease Sale 252 to be held on March 20, 2019.  Defendants admit the allegations in the second sentence of Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7.

8.      Defendants admit that Plaintiffs are currently challenging two other lease sales, held in 2018 and that Defendant relied on the same Environmental Impact Statements in its

decision on those sales as in its decision on Lease Sale 252. Defendants deny the remaining allegations in Paragraph 8.

9. Paragraph 9 constitutes a summary of Plaintiffs' request for relief to which no response is required. Defendants deny that Plaintiffs are entitled to relief.

## JURISDICTION AND VENUE

10. The allegations in Paragraph 10 are legal conclusions to which no response is required.

11. The allegations in Paragraph 11 are legal conclusions to which no response is required.

12. The allegations in Paragraph 12 are legal conclusions to which no response is required.

## PARTIES

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and therefore Defendants deny the allegations.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and therefore Defendants deny the allegations.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and therefore Defendants deny the allegations.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and therefore Defendants deny the allegations.

17. Defendants admit that David Bernhardt is the Secretary of the Interior. The remaining allegations in Paragraph 17 are legal conclusions to which no response is required.

18.     Defendants admit that Joseph R. Balash is the Assistant Secretary of the Interior for Land and Minerals Management. The remaining allegations in Paragraph 18 are legal conclusions to which no response is required.

19.     The allegations in Paragraph 19 are legal conclusions to which no response is required.

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required.

## STATUTORY BACKGROUND

### I.     NATIONAL ENVIRONMENTAL POLICY ACT

21.     The allegations in Paragraph 21 characterize the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 *et seq.*, and the Council on Environmental Quality's (CEQ) regulations implementing NEPA, 40 C.F.R. §§ 1500.1 through 1508.28, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

22.     The allegations in Paragraph 22 characterize Congressional intent, NEPA, and CEQ's regulations, all of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

23.     The allegations in Paragraph 23 characterize NEPA and CEQ's regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

24.     The allegations in Paragraph 24 characterize NEPA and CEQ's regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

25.     The allegations in Paragraph 25 characterize NEPA and CEQ's regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

26.     The allegations in Paragraph 26 characterize NEPA, CEQ's regulations, and guidance relating to them, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute, regulations, or guidance.

27.     The allegations in Paragraph 27 characterize NEPA and CEQ's regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

28.     The allegations in Paragraph 28 characterize NEPA and CEQ's regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

29.     The allegations in Paragraph 29 characterize NEPA and CEQ's regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

30.     The allegations in Paragraph 30 characterize NEPA and CEQ's regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

31.     The allegations in Paragraph 31 characterize NEPA and CEQ's regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

II.     OUTER CONTINENTAL SHELF LANDS ACT

32.     The allegations in Paragraph 32 characterize the Outer Continental Shelf Lands Act (OCSLA) and Proclamation No. 5030, 48 Fed. Reg. 10,605 (Mar. 14, 1983), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or proclamation.

33.     The allegations in Paragraph 33 characterize Public Law No. 95-373, amending OCSLA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

34.     The allegations in Paragraph 34 characterize OCSLA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

35.     The allegations in Paragraph 35 characterize OCSLA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

36.     The allegations in Paragraph 36 characterize OCSLA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

37.     The allegations in Paragraph 37 purport to characterize OCSLA and the regulations implementing it at 30 C.F.R. part 250, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

38.     The allegations in Paragraph 38 characterize OCSLA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

39.     The allegations in Paragraph 39 characterize OCSLA and the regulations implementing it at 30 C.F.R. parts 250 and 550, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

40.     The allegations in Paragraph 40 characterize OCSLA and the regulation implementing it at 30 C.F.R. § 556.304, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

41.     The allegations in Paragraph 41 characterize OCSLA and the regulation implementing it at 30 C.F.R.  § 556.308(a), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulation.

42.     The allegations in Paragraph 42 characterize OCSLA and the regulations implementing it at 30 C.F.R. part 556, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or regulations.

III.    ADMINISTRATIVE PROCEDURE ACT

43.     The allegations in Paragraph 43 characterize the Administrative Procedure Act (APA), 5 U.S.C. §§ 551, *et seq.*, which speaks for itself and is the best evidence of its contents.

Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

44.     The allegations in Paragraph 44 characterize the APA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

45.     The allegation in Paragraph 45 is a legal conclusion to which no response is required.  To the extent that a response may be required, Defendants deny the allegations.

## STATEMENT OF FACTS

46.     Defendants admit that the Gulf of Mexico is an aesthetic, economic, and environmental resource to the five Gulf Coast states and the nation. Defendants admit that the Gulf of Mexico supports biodiverse tropical and temperate ecosystems. The remaining allegations in Paragraph 46 are too vague to permit a response. To the extent a response may be required, Defendants deny the vague allegations.

47.     Defendants admit that the Gulf of Mexico is home to a variety of species and habitats.

48.     The allegations in Paragraph 48 characterize the legal status of species under the Endangered Species, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or the legal status conferred on any species in the Gulf of Mexico.

49.     Defendants admit that commercial fishing and tourism contribute to the economies of the Gulf Coast States, the remaining allegations in Paragraph 49 are too vague to a permit a response. To the extent a response may be required, Defendants deny the allegations.

50.     The allegations in Paragraph 50 are too vague to permit a response. To the extent a response may be required, Defendants deny the allegations.

51.     Defendants admit that oil and gas lessees conduct numerous activities including those listed in the second sentence of Paragraph 51.  The remaining allegations in Paragraph 51 are Plaintiffs' characterizations and are too vague to formulate a response. To the extent a response is required, Defendants deny the allegations.

52.     Defendants admit that oil and gas lessee activities can result in vessel strikes, noise, oil spills, marine debris, and other water pollution. The remaining allegations in Paragraph 52 are too vague to permit a response. To the extent a response may be required, Defendants deny them.

53.     The allegations in Paragraph 53 characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with the plain language, context, or meaning of the opinion cited.

54.     Defendants admit the allegations in Paragraph 54.

55.     Defendants admit that the Deepwater Horizon well remained uncapped for 87 days, admit that the Multisale EIS and 2018 Supplemental EIS included an estimated a release volume of 4.9 million barrels, and aver that the United States District Court for the Eastern District of Louisiana calculated a release volume of 4 million barrels. Defendants deny the remaining allegations in Paragraph 55.

56.     Defendants admit the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 quote an Environmental Impact Statement and Natural Resource Damage Assessment, which speaks for itself and is the best evidence of its

contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the document.

58.     Defendants admit that the Deepwater Horizon Oil Spill caused death or injury to individual animals, harmed habitats, and harmed ecosystems. The allegations in Paragraph 58 are otherwise too vague to formulate a response. To the extent a response is required, Defendants deny the remaining allegations.

59.     Defendants admit some harms from the Deepwater Horizon Oil Spill persisted as of the date Plaintiffs filed their complaint. Defendants deny that all harms persist.

60.     Defendants admit that oil and gas operations occasionally experience accidents, spill oil and otherwise cause environmental impacts, but Defendants deny that these experiences are daily. Defendants admit that oil and gas lessees reported to BSEE 2 fatalities in 2016, 1 fatality in 2015, and 2 in 2014. Defendants lack sufficient information to form a belief about the total number of oil and chemical spills reported to the U.S. Coast Guard. Defendants deny any remaining allegations.

61.     Defendants admit the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 are too vague to permit a response. To the extent a response may be required, Defendants deny the allegations.

63.     Defendants admit that oil and gas development in the Gulf, and the burning of oil and gas produced in the Gulf, contributes to emissions linked to climate change. Defendants admit that in the 2017-2022 Program EIS BOEM estimated downstream emissions from oil and gas produced as a result of the ten scheduled Gulf of Mexico lease sale to be approximately 125 million metric tons of carbon dioxide equivalent. The remaining allegations of Paragraph 63 are too vague to formulate a response and, on that basis, Defendants deny them.

64.     Defendants admit that BSEE has promulgated several rules since April 2010. Defendants deny the allegations in Paragraph 64 to the extent that they are inconsistent with the source, purpose, or effect of any particular rule, which speaks for itself.

65.     The first two sentences of Paragraph 65 characterize the contents of a rule published in the Federal Register, 81 Fed. Reg. 25, 888 (Apr. 29, 2016), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the Federal Register publication. The third sentence of Paragraph 65 is too vague to permit a response. To the extent a response may be required, Defendants deny the third sentence of Paragraph 65.

66.     The first two sentences of Paragraph 66 characterize the contents of a rule published in the Federal Register, 81 Fed. Reg. 61,834 (Sept. 7, 2016), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the Federal Register publication. The third sentence of Paragraph 66 is too vague to permit a response. To the extent a response may be required, Defendants deny the third sentence of Paragraph 66.

67.     The allegations in Paragraph 67 quote from and characterize the contents of Executive Order 13,783, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the Executive Order.

68.     The allegations in Paragraph 68 characterize Secretary's Order 3350, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the Secretary's Order.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants admit that BSEE sent a draft of the proposed Well Control Rule in December 2017 to the Office of Management and Budget for review. Defendants deny the remaining allegations in Paragraph 70, which purport to characterize the contents of that proposed rule.

71.     Defendants admit that BSEE published a proposed rule on December 29, 2017, and admit that Plaintiffs and others submitted comments regarding that rule. The remaining allegations in Paragraph 71 purport to characterize the proposed rule and the public comments submitted to BSEE in response to the proposed rule, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the proposed rule and comments. Defendants deny all remaining allegations in Paragraph 71.

72.     Defendants admit that BSEE published a final Production Safety Systems Rule in 2018, but deny all remaining allegations in Paragraph 72.

73.     Defendants admit that BSEE published a proposed rule on May 11, 2018. The remaining allegations of Paragraph 73 purport to characterize the contents of the proposed rule, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the proposed rule notice.

74.     Defendants admit the allegations in the first sentence of Paragraph 74. Defendants deny the allegations in the second sentence of Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 are too vague to permit a response. To the extent a response may be required, Defendants deny the allegations.

77.     The allegations in Paragraph 77 are too vague to provide a response. To the extent a response may be required, Defendants deny the allegations.

78.     Defendants admit the allegations in Paragraph 78.

79.     Defendants admit the allegations in Paragraph 79.

80.     The first sentence of Paragraph 80 characterizes BOEM's Federal Register Notice relating to the 2017–2022 Proposed Program, 82 Fed. Reg. 14881 (Mar. 18 2016), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that document. Defendants deny all remaining allegations.

81.     Defendants admit the allegations in Paragraph 81.

82.     Defendants deny Plaintiffs' characterization—applied throughout the Complaint—that the second EIS identified in the first sentence of Paragraph 82 (for Gulf of Mexico lease sales) was a "programmatic EIS."  Defendants admit all other allegations in Paragraph 82.

83.      Defendants admit the allegations in the first sentence of Paragraph 83. The second sentence of Paragraph 83 characterizes various public comments submitted on three EISs, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those comments. Defendants deny any failure to disclose, evaluate, or consider relevant factors, deny the existence of any problems with their analyses, and deny problems with their consideration of available mitigation.

84.     The allegations in Paragraph 84 purport to characterize the draft programmatic EIS for the 2017–2022 Program, which speaks for itself and is the best evidence of its contents.

Defendants deny any allegations inconsistent with the plain language, context, or meaning of that EIS.

85.     Defendants admit the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 purport characterize the Proposed Final Program and the Record of Decision for the 2017–2022 OCS Oil and Gas Leasing Program, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those documents.

87.     Defendants admit the allegations in the first sentence of Paragraph 87, but deny the characterization of the EIS as a "programmatic" EIS. The second sentence of Paragraph 87 purports to characterize the Gulf of Mexico OCS Oil and Gas Lease Sales: 2017–2022 Gulf of Mexico Lease Sales 249, 250, 251, 252, 253, 254, 256, 257, 259, and 261 Final Multisale Environmental Impact Statement (hereinafter Multisale EIS), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that EIS. Defendants deny the allegations in the third sentence of Paragraph 87.

88.     Defendants admit BOEM published the Notice of Availability of the Multisale EIS, 82 Fed. Reg. 13,363 (Mar. 10, 2017). To the extent the allegations in Paragraph 88 purport to characterize that Notice or the Multisale EIS, they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the Notice or Multisale EIS.

89.     Defendants admit BOEM published the Notice of Intent at 82 Fed. Reg. 55,480 (Aug. 19, 2016). That Notice speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that Notice.

90.     Defendants admit BOEM published the notice of availability at 82 Fed. Reg. 16,060 (Mar. 31, 2017) and the draft 2018 Supplemental EIS. The notice of availability and draft 2018 Supplemental EIS speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those documents.

91.     Defendants admit the allegations in Paragraph 91.

92.     Defendants admit the allegations in Paragraph 92.

93.     Defendants admit BOEM published the Proposed Notice of Sale for Lease Sale 252 and the Federal Register Notice of its availability at 83 Fed. Reg. 48,863 (Sep. 27, 2018). The Proposed Notice of Sale and Federal Register Notice of its availability speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those documents.

94.     The allegations in Paragraph 94 characterize the Proposed Notice of Sale for Lease Sale 252, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that Notice.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants admit that Joseph Balash signed a Record of Decision on January 30, 2019 for Lease Sale 252.  Defendants deny the allegation that the Record of Decision relied on any flawed analysis.

97.     The allegations in Paragraph 97 characterize Record of Decision for Lease Sale 252, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that Record of Decision.

98.     Defendants admit the allegations in Paragraph 98.

99.     Defendants admit that a 12.5% royalty rate applied to leases issued as a result of Lease Sale 252 for blocks in water depths less than 200 meters. Defendants deny all other allegations in Paragraph 99.

100.    Defendants admit that Lease Sale 252 is the third lease sale that has relied on the 2018 Supplemental EIS and that Plaintiffs have filed litigation challenging Lease Sales 250 and 251.  Defendants deny all other allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 are legal conclusions to which no response is required.

103.    Defendants deny the allegations in Paragraph 103.

104.    The allegations in Paragraph 104 characterize the EISs supporting Lease Sale 252, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

105.    The allegations in Paragraph 105 quote from and characterize the 2017–2022 Program EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that EIS.

106.    The allegations in Paragraph 106 characterize the Multisale EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that EIS.

107.    The allegations in Paragraph 107 characterize the 2018 Supplemental EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that EIS.

108.     The allegations in Paragraph 108 characterize the Multisale EIS and the 2018 Supplemental EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

109.     Defendants admit that BOEM concluded blowouts and losses of well control are rare and not reasonably foreseeable or likely to occur as a result of a lease sale. Defendants deny Paragraph 109's characterization of BOEM's reasoning and reliance behind that conclusion.

110.     The allegations in Paragraph 110 characterize the contents of the three EISs, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

111.     Defendants admit that Plaintiffs submitted comments on the draft of the 2018 Supplemental EIS. The remaining allegations in Paragraph 111 characterize Plaintiffs comments and BOEM's response, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those documents.

112.     Defendants admit that by December 2017, BSEE had drafted and submitted to the Office of Management and Budget for review proposed rules to revise and rescind parts of the Production Safety Rule and Well Control Rule. Defendants deny that those proposed changes were "substantial," which term is vague.

113.     Defendants admit proposed revisions to the Production Safety Rule and Well Control Rule were under consideration when BOEM finalized the 2018 Supplemental EIS. The remaining allegations in Paragraph 113 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

114.    The allegations in Paragraph 114 are legal conclusions to which no response is required. To the extent that a response may be required, Defendants deny the allegations.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116.

117.    The allegations in Paragraph 117 characterize the Record of Decision for Lease Sale 251, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the Record of Decision.

118.    The allegations in Paragraph 118 characterize the 2017–2022 Program EIS, the Multisale EIS and the 2018 Supplemental EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

119.    The allegations in Paragraph 119 characterize a report, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the report.

120.    The allegations in Paragraph 120 characterize the comments BOEM received on the drafts of the 2017–2022 Program EIS, the Multisale EIS and the 2018 Supplemental EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the comments.

121.    The allegations in Paragraph 121 characterize the 2017–2022 Program EIS, the Multisale EIS and the 2018 Supplemental EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

122.    Defendants deny all allegations in Paragraph 122.

123.    The allegations in the first half of Paragraph 123 characterize the 2018 Supplemental EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that EIS. Defendants deny that the EIS used an "incorrect" royalty rate, deny that BOEM underestimated the levels of oil and gas exploration, development, and production activities likely to result from the lease sales and deny that BOEM underestimated the environmental effects of the sales.

124.    Paragraph 124 states a legal conclusion to which no response is required. To the extent a response may be required, Defendants deny the allegations.

125.    The allegations in Paragraph 125 characterize the 2017–2022 Program EIS, the Multisale EIS and the 2018 Supplemental EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

126.    The allegations in Paragraph 126 characterize the 2017–2022 Program EIS, the Multisale EIS and the 2018 Supplemental EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants admit that in the lease sales immediately preceding Lease Sale 249, the royalty rate for some lease sales in the Gulf of Mexico for lease blocks in less than 200 meters of water was 18.75%.

130.    The allegations in Paragraph 130 characterize the 2017–2022 Program EIS, the Multisale EIS and the 2018 Supplemental EIS, which speak for themselves and are the best

evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

131.     Defendants admit that in July 2017, BOEM announced it was reducing the royalty rate for leases issued as a result of Lease Sale 249 in less than 200 meters of water to 12.5%, down from 18.75%, in order to make those leases more attractive. Defendants deny the remaining allegations in Paragraph 131.

132.     Defendants deny the allegations in Paragraph 132.

133.     The allegations in Paragraph 133 characterize the draft and final versions of the 2018 Supplemental EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

134.     The allegations in Paragraph 134 characterize the Record of Decision for Lease Sale 252, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that EIS.

135.     Defendants deny the allegations in Paragraph 135.

136.     The allegations in Paragraph 136 characterize the Multisale EIS and the 2018 Supplemental EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

137.     The allegations in Paragraph 137 characterize the Multisale EIS and the 2018 Supplemental EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants admit it was the Secretary's prior practice to offer areas in the Gulf of Mexico for lease on a planning-area basis. Defendants deny the remaining allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    The allegations in Paragraph 143 characterize the Multisale EIS and the 2018 Supplemental EIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those EISs.

## CLAIMS FOR RELIEF

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants incorporate by reference their responses to the preceding Paragraphs.

146.    The allegations in Paragraph 146 are legal conclusions to which no response is required.

147.    The allegations in Paragraph 147 are legal conclusions to which no response is required.

148.    The allegations in Paragraph 148 characterize the sources of legal authority cited therein, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those authorities. To the extent the allegations include legal conclusions, no response is required.

149.    The allegations in Paragraph 149 are legal conclusions to which no response is required.

150.    The allegations in Paragraph 150 are legal conclusions to which no response is required.

151.    Defendants admit the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 characterize the Multisale EIS and the 2018 Supplemental EIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of that EIS.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154.

155.    The first sentence of Paragraph 155 is a legal conclusion to which no response is required. Defendants deny the allegations in the second sentence of Paragraph 155 and deny any other allegations that may require a response.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159 and deny any harm to Plaintiffs.

160.    Defendants incorporate by reference their responses to the preceding paragraphs.

161.    The allegations in Paragraph 161 characterize the legal authority cited therein, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those authorities. To the extent the allegations include legal conclusions, no response is required.

162.    Defendants deny the allegations in Paragraph 162.

163.     Defendants deny the allegations in Paragraph 163.

164.     Defendants deny the allegations in Paragraph 164.

165.     Defendants deny the allegations in Paragraph 165.

166.     Defendants deny the allegations in Paragraph 166.

167.     Defendants deny the allegations in Paragraph 167.

168.     Defendants deny the allegations in Paragraph 168 and deny any harm to Plaintiffs.

## PRAYER FOR RELIEF

The remainder of the allegations in the Complaint constitute Plaintiffs' request for relief to which no response is required. To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to satisfy conditions precedent to bringing claims under applicable law.

2.     Some or all of Plaintiffs' claims fail to state a claim for which relief can be granted.

3.     Plaintiffs lack standing to bring some or all of their claims before this Court.

WHEREFORE, Defendants pray that this Court dismiss the Complaint filed herein, award judgment to Defendants, and grant such other relief as the Court deems just and appropriate.

Respectfully submitted on this 28th day of May, 2019.

JEAN E. WILLIAMS
Deputy Assistant Attorney General

*/s/ Thomas W. Ports, Jr.*
Thomas W. Ports, Jr. (DC Bar No. 1018184)
Trial Attorney
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-0492 (office)
(202) 305-0506 (fax)
thomas.ports.jr@usdoj.gov

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 28, 2019, I filed the foregoing Defendants' Answer to Plaintiffs'

Complaint using the Court's ECF system, which will provide service to all counsel of record.

*/s/ Thomas W. Ports, Jr.*
Thomas W. Ports, Jr. (DC Bar No. 1018184)
Attorney for Defendants
