# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEALTHY GULF, SIERRA CLUB, and CENTER FOR BIOLOGICAL DIVERSITY<br><br>*Plaintiffs*,<br><br>v.<br><br>DAVID BERNHARDT, in his official capacity as ACTING SECRETARY OF THE INTERIOR, JOSEPH R. BALASH, in his official capacity as ASSISTANT SECRETARY OF THE INTERIOR FOR LAND AND MINERALS MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR, and BUREAU OF OCEAN ENERGY MANAGEMENT,<br><br>*Defendants,*<br><br>and<br><br>CHEVRON U.S.A. INC.,<br>    6001 Bollinger Canyon Road<br>    San Ramon, California 94583-2324<br><br>*Proposed Intervenor/Defendant.* | Case No. 19-cv-00707-RBW |

## CHEVRON U.S.A. INC.'S
## MOTION TO INTERVENE IN SUPPORT OF DEFENDANTS

Charles J. Engel, III (D.C. Bar 359482)
Nikesh Jindal (D.C. Bar 492008)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
tengle@kslaw.com
njindal@kslaw.com

John C. Martin (D.C. Bar 358679)
Susan Mathiascheck (D.C. Bar 426754)
Sarah C. Bordelon (D.C. Bar 987135)
HOLLAND & HART, LLP
975 F Street, NW
Washington, D.C. 20004
Telephone: (202) 654-6915
Facsimile: (202) 393-6551
jcmartin@hollandhart.com
smmathiascheck@hollandhart.com
scbordelon@hollandhart.com

*Attorneys for Chevron U.S.A. Inc.*

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1
ARGUMENT .................................................................................................................................. 2
I.      Chevron Is Entitled to Intervene As a Matter of Right. .................................................... 2
   A.     This Motion Is Timely. ................................................................................................ 3
   B.     Chevron Has Legally Protected Interests at Stake in This Action and Article III
          Standing. ..................................................................................................................... 4
   C.     Chevron's Interests Would Be Adversely Affected if Plaintiffs Prevail. ..................... 6
   D.     Chevron's Interests Are Not Adequately Represented by the Parties. ......................... 7
II.     In the Alternative, Chevron Should Be Granted Permissive Intervention. ...................... 9
CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aristotle Intern., Inc. v. NGP Software, Inc.*,
　714 F. Supp. 2d 1 (D.C. Cir. 2010) ............................................................................................9

*County of San Miguel, Colo. v. MacDonald*,
　244 F.R.D. 36 (D.D.C. 2007) ....................................................................................................8

*Crossroads Grassroots Policy Strategies v. Fed'l Election Comm'n*,
　788 F.3d 312 (D.C. Cir. 2015) ..........................................................................................3, 4, 6

*Defenders of Wildlife v. Salazar*,
　No. 10-816 (D.D.C. Nov. 30, 2011) ..........................................................................................9

*Defs. of Wildlife v. Minerals Mgmt. Serv.*,
　No. CIV.A. 10-0254-WS-C, 2010 WL 3169337 (S.D. Ala. Aug. 9, 2010) ................................6

*Deutsche Bank Nat'l Trust Co. v. FDIC*,
　717 F.3d 189 (D.C. Cir. 2013) ..................................................................................................3

*Diamond v. Charles*,
　476 U.S. 54 (1986) ....................................................................................................................4

*Dimond v. Dist. of Columbia*,
　792 F.2d 179 (D.C. Cir. 1986) ..................................................................................................8

*E.E.O.C. v. National Children's Ctr., Inc.*,
　146 F.3d 1042 (D.C. Cir. 1998) ................................................................................................9

*Envt'l Def. Fund v. Costle*,
　79 F.R.D. 235 (D.D.C. 1978) ....................................................................................................7

*Foster v. Gueory*,
　655 F.2d 1319 (D.C. Cir. 1981) ............................................................................................5, 7

*Fund for Animals, Inc. v. Norton*,
　322 F.3d 728 (D.C. Cir. 2003) ........................................................................................2, 3, 7, 8

*Gulf Restoration Network, et al. v. Bernhardt, et al.*,
　No. 1:18-cv-01674-RBW, Dkt. No. 35 (D.D.C. Dec. 7, 2018) .....................................1, 2, 6, 9

*In re Vitamins Antitrust Litigation*,
　2001 WL 34088808 (D.D.C. 2001) ..........................................................................................9

*Mobil Exploration & Producing Southeast, Inc. v. United States*,
　530 U.S. 604 (2000) ..................................................................................................................5

*Navistar, Inc. v. Jackson*,
    840 F. Supp. 2d 357 (D.D.C. 2012) ........................................................................... 3, 8

*NRDC v. Costle*,
    561 F.2d 904 (D.C. Cir. 1977) ..................................................................................... 7, 8

*Nuesse v. Camp*,
    385 F.2d 694 (D.C. Cir. 1967) ..................................................................................... 4, 7

*Oceana v. BOEM*,
    No. 1:12-cv-00981 (D.D.C. Dec. 4, 2012) ..................................................................... 9

*Oceana v. BOEM*,
    No. 11-cv-2208 (D.D.C. May 25, 2012) ........................................................................ 9

*Old Dominion Elec. Coop. v. FERC*,
    892 F.3d 1223 (D.C. Cir. 2018) ................................................................................... 2, 4

*S. Utah Wilderness v. Norton*,
    No. 01-2518, 2002 WL 32617198 (D.D.C. June 28, 2002) ............................................ 4

*Trbovich v. United Mine Workers of Am.*,
    404 U.S. 527 (1972) ........................................................................................................ 7

*Union Oil Co. v. Morton*,
    512 F.2d 743 (9th Cir. 1975) .......................................................................................... 5

*United States v. Am. Tel. & Tel. Co.*,
    642 F.2d 1285 (D.C. Cir. 1980) ...................................................................................... 3

*United States v. British Am. Tobacco Australia Servs., Ltd.*,
    437 F.3d 1235 (D.C. Cir. 2006) ...................................................................................... 3

*Wildearth Guardians v. Salazar*,
    272 F.R.D. 4 (D.D.C. 2010) ......................................................................................... 3, 8

## STATUTES

APA 5 U.S.C.A. §§ 500 *et. seq.* .................................................................................... 1, 10

NEPA 42 U.S.C.A. §§ 4321 *et seq.* ............................................................................. passim

OCSLA 43 U.S.C.A. §§ 1331 *et seq.* ................................................................................... 1

## OTHER AUTHORITIES

30 C.F.R. § 556.516(b) .......................................................................................................... 4

Fed. R. Civ. P. 24 ........................................................................................................... 1, 6, 9

Fed. R. Civ. P. 24(a) ...............................................................................................2, 4, 7

Fed. R. Civ. P. 24(a)(2)..............................................................................................2, 4

Fed. R. Civ. P. 24(b) .......................................................................................................2

Fed. R. Civ. P. 24(b)(1)(B) ............................................................................................9

Local Civil Rule 7(m) ....................................................................................................1

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Chevron U.S.A. Inc. ("Chevron") respectfully moves for leave to intervene as a defendant in the above-captioned matter. As required by Local Civil Rule 7(m), counsel for Chevron have contacted counsel for the parties to this case. Counsel for the Federal Defendants stated that the Federal Defendants take no position and will wait to review Chevron's filed motion. Counsel for the Plaintiffs stated that Plaintiffs do not object to Chevron's intervention, provided that Chevron complies with the conditions on intervention imposed in *Gulf Restoration Network, et al. v. Bernhardt, et al.*, No. 1:18-cv-01674-RBW, Dkt. No. 35 at 12-13 (D.D.C. Dec. 7, 2018).[1] For the purposes of this litigation only, Chevron agrees to those conditions. Counsel for proposed Intervenor American Petroleum Institute ("API") represented that API does not object to Chevron's intervention.

## INTRODUCTION

This case concerns the Bureau of Ocean Energy Management's ("BOEM") administration of the Outer Continental Shelf ("OCS") pursuant to the Outer Continental Shelf Lands Act ("OCSLA") and the sale of a lease for the purpose of exploring for, developing, and producing oil and gas from that lease. Plaintiffs contend that, in approving Lease Sale 252 (the "Lease Sale"), the Federal Defendants violated the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA") by failing to consider adequately the environmental impacts of the Lease Sale and failing to properly analyze a no-action alternative. Plaintiffs have requested that the Court vacate the Record of Decision approving the Lease Sale and vacate or enjoin the leases executed pursuant to the Lease Sale. Such actions would deprive Chevron of the use of leases for which it has already paid substantial sums and committed to pay

---

[1] The conditions preclude Chevron from "rais[ing] arguments or cit[ing] authority that have already been brought to the Court's attention by the [Federal] defendants" and limit Chevron's response brief to 20 pages and reply brief to 10 pages "without further leave of Court based on good cause." *Gulf Restoration Network, et al.*, No. 1:18-cv-01674-RBW, at 12.

1

an additional $10,228,136.80 if Chevron's bids are approved. Declaration of Carl Rewerts, ¶ 6 ("Rewerts Decl.") (attached as Exhibit B). In order to protect its substantial interests that are at stake in this litigation, Chevron moves to intervene as a defendant as a matter of right pursuant to Federal Rule of Civil Procedure 24(a). In the alternative, Chevron moves for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Intervention is proper here on the same basis that the Court recently granted Chevron's intervention in a related lease sale challenge. *See Gulf Restoration Network, et al.*, No. 1:18-cv-01674-RBW (granting intervention in NEPA challenge to Gulf of Mexico Lease Sales 250 and 251).

## ARGUMENT

### I. CHEVRON IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT.

Rule 24(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[o]n timely motion, the court must permit anyone to intervene . . . who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

> [Q]ualification for intervention as of right depends on the following four factors: (1) timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties.

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (internal quotation marks and citations omitted). Chevron satisfies each of these requirements.

The D.C. Circuit has held that a party seeking to intervene as of right as a defendant must also satisfy the basic standing requirements of Article III of the Constitution – injury in fact, causation, and redressability. *Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232-33

2

(D.C. Cir. 2018) (citing *Fund for Animals,* 322 F.3d at 732-33). "The standing inquiry for an intervening-defendant is the same as for a plaintiff: the intervenor must show injury in fact, causation, and redressability." *Crossroads Grassroots Policy Strategies v. Fed'l Election Comm'n,* 788 F.3d 312, 316 (D.C. Cir. 2015) (citing *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 193 (D.C. Cir. 2013)). The D.C. Circuit has explained that "the standards for constitutional standing and the second factor of the test for intervention as of right are the same." *Id.* at 320 (citing *Fund for Animals*, 322 F.3d at 735).

### A. This Motion Is Timely.

Timeliness is evaluated based on a "consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *United States v. British Am. Tobacco Australia Servs., Ltd.,* 437 F.3d 1235, 1238 (D.C. Cir. 2006) (quoting *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980)). Here, Plaintiffs filed their Complaint on March 13, 2019, and the Federal Defendants' Answer is due May 27.[2] Chevron's intervention will not delay the case, will not prejudice an existing party, and thus should be considered timely. *See, e.g.*, *Fund for Animals*, 322 F.3d at 735 (motion timely when made "less than two months after the plaintiffs filed their complaint and before the defendants filed an answer"); *Navistar, Inc. v. Jackson*, 840 F. Supp. 2d 357, 361 (D.D.C. 2012) (motion timely when filed "less than two weeks after Defendants filed their responsive pleadings, and before any discovery or substantive process had been made in the case"); *Wildearth Guardians v.*

---

[2] May 27, 2019, is a federal holiday, meaning that the deadline extends to May 28, 2019.

3

*Salazar*, 272 F.R.D. 4, 15 (D.D.C. 2010) (motion timely when "the administrative record is yet to be filed with the Court and no briefing schedule for dispositive motions has been set").

> **B.    Chevron Has Legally Protected Interests at Stake in This Action and Article III Standing.**

The second requirement for intervention of right is that the intervenor must demonstrate "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). To demonstrate a sufficient "interest" in the litigation, prospective intervenors must show a "direct and concrete interest that is accorded some degree of legal protection." *Diamond v. Charles*, 476 U.S. 54, 75 (1986). Courts apply a "liberal approach" in evaluating a proposed intervenor's interest under Rule 24(a). *S. Utah Wilderness v. Norton*, No. 01-2518, 2002 WL 32617198, *5 (D.D.C. June 28, 2002). "The 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967). A party seeking to intervene as of right as a defendant must also satisfy the basic standing requirements of Article III of the Constitution – injury in fact, causation, and redressability. *Old Dominion*, 892 F.3d at 1232-33. The D.C. Circuit has recognized that "the standards for constitutional standing and the second factor of the test for intervention as of right are the same." *Crossroads*, 788 F.3d at 320.

Chevron conducts operations in the OCS in the Gulf of Mexico and has participated in a number of lease sales, including the Lease Sale challenged in the Complaint. Rewerts Decl. ¶¶ 3-4, 6. In Lease Sale 252, Chevron was the high bidder on eight tracts, and the Department of the Interior ("DOI") is currently analyzing the bids to determine whether to award the leases to Chevron. *Id.* at ¶ 6. Regulation requires DOI to complete this analysis within 90 days of the lease sale, *i.e.*, by June 18, 2019. 30 C.F.R. § 556.516(b). Chevron has paid the required one-

fifth of its bonus bids for the tracts on which it was the high bidder in Lease Sale 252, amounting to $2,557,034.20. Rewerts Decl. ¶ 6. If the DOI approves Chevron's bids in Lease Sale 252, Chevron will pay an additional $10,228,136.80 in bonus bids for those tracts. *Id.* Chevron reasonably anticipates that it will be awarded leases on at least one, and likely all eight, of the parcels on which it was the high bidder. DOI has awarded Chevron leases on all parcels for which it was the high bidder in the past ten Gulf of Mexico lease sales. *Id.* at ¶ 7.

The bids that Chevron submitted for the leases are now in the public record. If, as Plaintiffs request, the lease awards were vacated and BOEM were required to auction the leases at a later date, Chevron's competitors would have the unfair advantage of knowing Chevron's previously confidential bid amounts for each lease. *Id.* at ¶ 8. In addition, Chevron has already invested significant resources in planning for the exploration of these leases. *Id.* If Plaintiffs succeed in obtaining the relief requested, thereby halting Chevron's exploration and development activities on these leases, Chevron could lose hundreds of millions of dollars in lost production opportunities. *Id.*

The D.C. Circuit has recognized that an intervenor's interest "is obvious when he asserts a claim to property that is the subject matter of the suit." *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981). And OCS leases, such as those for which Chevron was the highest bidder in the challenged Lease Sale and has already paid the required one-fifth of its bonus bids, constitute both contracts and property interests. *See, e.g.*, *Mobil Exploration & Producing Southeast, Inc. v. United States*, 530 U.S. 604, 607-08 (2000) (recognizing contractual nature of OCS leases); *Union Oil Co. v. Morton*, 512 F.2d 743, 747 (9th Cir. 1975) (recognizing that OCS leases convey property rights). Chevron reasonably anticipates that within less than a month it will be awarded leases granting contract and property interests for at least one and likely all eight of the parcels

5

for which it was a high bidder in the challenged Lease Sale. Plaintiffs' complaint challenges the legality of the Lease Sale and requests an order vacating their approval and enjoining the leases themselves. These actions would jeopardize Chevron's investments in the leases for which it was the highest bidder, as well as Chevron's future operations on such leases. Thus, Chevron has legally protectable interests relating to the property and transactions challenged in this action. Consistent with this conclusion, this Court recently granted Chevron's intervention in a related lease sale challenge, where, at the time Chevron filed its motion for intervention, DOI was similarly analyzing bids for which Chevron was the highest bidder in Lease Sale 251. *See Gulf Restoration Network, et al.*, No. 1:18-cv-01674-RBW (granting intervention in NEPA challenge to Gulf of Mexico Lease Sales 250 and 251); *see also Defs. of Wildlife v. Minerals Mgmt. Serv.*, No. CIV.A. 10-0254-WS-C, 2010 WL 3169337, at *1–2 (S.D. Ala. Aug. 9, 2010). (acknowledging potential impact of litigation on "the viability of lease bids" when granting intervention).

Chevron also has Article III standing because if the Plaintiffs achieve the remedy they seek, Chevron will suffer an injury in fact in the form of loss or delayed use of the leases for which it was the highest bidder and for which it has already paid the United States government one-fifth of the bonus bids. Put simply, Chevron has standing because it has benefited from BOEM's action by participating in the Lease Sale in which it expects to acquire contract and property rights in leases that it seeks to explore; an unfavorable decision in the litigation challenging the Lease Sale would deprive Chevron of this benefit. *See Crossroads*, 788 F.3d at 317.

### C. Chevron's Interests Would Be Adversely Affected if Plaintiffs Prevail.

Rule 24 requires putative intervenors to show that they are "so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to

protect that interest." Fed. R. Civ. P. 24(a). In analyzing this factor, the Court should "look[] to the 'practical consequences' of denying intervention, even where the possibility of future challenge . . . remain[s] available." *NRDC v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977). It is irrelevant whether the applicant "could reverse an unfavorable ruling" in subsequent proceedings because "there is no question that the task of reestablishing the status quo if the [plaintiff] succeeds . . . will be difficult and burdensome." *Fund for Animals*, 322 F.3d at 735. Intervention is proper when it allows the practical and efficient management of the claims of concerned individuals. *Nuesse*, 385 F.2d at 700.

As explained above, Chevron is the high bidder on millions of dollars-worth of leases in the Lease Sale. Plaintiffs have requested that the Court vacate the decisions approving the Lease Sale and vacate or enjoin these leases, which would adversely impact Chevron's investments and operations. Thus, the disposition of this action could impair Chevron's legally protectable interests.

### D. Chevron's Interests Are Not Adequately Represented by the Parties.

The final element for intervention "requires that the [applicants] show that their interests are not adequately represented by the existing parties." *Foster*, 655 F.2d at 1325. "This burden is minimal and is met if [the applicants] show that representation of their interests 'may' be inadequate." *Id.*; *see also Envt'l Def. Fund v. Costle*, 79 F.R.D. 235, 239 (D.D.C. 1978) ("the proposed intervenors need only show that the representation of their interests by the other parties may be inadequate, and this burden is a minimal one") (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 527, 538 n.10 (1972)). Moreover, a prospective intervenor's "interest need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate." *Nuesse*, 385 F.2d at 703.

7

Courts often have concluded that "governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals*, 322 F.3d at 736 n.9 (collecting cases); *Dimond v. Dist. of Columbia*, 792 F.2d 179, 193 (D.C. Cir. 1986) (noting that the government defendant "would face a potential conflict of interest were it to represent both the general interests of its citizens and the financial interests of [the proposed intervenor]"); *County of San Miguel, Colo. v. MacDonald*, 244 F.R.D. 36, 48 (D.D.C. 2007) (contrasting the Fish & Wildlife Service's obligation of representing the general public with intervenors' interests to protect their livelihoods and business operations); *Navistar*, 840 F. Supp. 2d at 362 (finding that the federal agency was "unlikely to, and arguably should not, afford the movant's 'discrete and particularized interests the same primacy' as movants would themselves" (quoting *Wildearth Guardians v. Salazar*, 272 F.R.D. at 15)); *NRDC v. Costle*, 561 F.2d at 912 (finding the intervenors' interest "more narrow and focused than [the government party], being concerned primarily with the regulation that affects their industries").

Here, Federal Defendants do not adequately represent Chevron's specific interests, as Chevron's interests are more narrowly focused than those of the Federal Defendants. Specifically, while the Federal Defendants are concerned with protecting the interests of the public in general, Chevron's focus is on protecting its individual investments.

API moved to intervene on May 21, 2019. Chevron is a member of API and supports its intervention in this matter to represent the interests of the industry as a whole, but API does not have specific interests in Lease Sale 252. Thus, API's participation may not be adequate to represent Chevron's specific interests in Lease Sale 252. In previous lease sale litigation, this Court has routinely granted intervenor status to both trade associations and individual leaseholders, noting that the interests of some leaseholders "may differ from the interests of other

8

leaseholders." *See Oceana v. BOEM*, No. 1:12-cv-00981 (D.D.C. Dec. 4, 2012) (order granting motion to intervene to two leaseholders and an association where other leaseholders and associations had already intervened); *see also Oceana v. BOEM*, No. 11-cv-2208 (D.D.C. May 25, 2012) (order granting motion to intervene); *Defenders of Wildlife v. Salazar*, No. 10-816 (D.D.C. Nov. 30, 2011) (order granting motion to intervene); *Gulf Restoration Network, et al.*, No. 1:18-cv-01674-RBW (granting Chevron and API intervention in NEPA challenge to Gulf of Mexico Lease Sales 250 and 251). In addition to Chevron's interest in the litigation as a part of the oil and gas industry, Chevron has a specific interest in and knowledge related to the eight leases for which it was the high bidder in Lease Sale 252. Rewerts Decl. at ¶¶ 6, 9.

Chevron has satisfied its minimal burden of showing that the current representation is inadequate because its interests may diverge from the Federal Defendants and because Chevron's interests are more specifically focused on the leases for which it was the highest bidder than API's. Chevron therefore should be granted intervention as of right.

## II. IN THE ALTERNATIVE, CHEVRON SHOULD BE GRANTED PERMISSIVE INTERVENTION.

Alternatively, Chevron should be granted permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B), which allows this Court to permit intervention if a movant has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "[P]ermissive intervention is an inherently discretionary enterprise." *Aristotle Intern., Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 18 (D.C. Cir. 2010) (quoting *E.E.O.C. v. National Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). Rule 24 is construed "liberally" in favor of potential intervenors. *In re Vitamins Antitrust Litigation*, 2001 WL 34088808, *3 (D.D.C. 2001).

Chevron's defenses and the allegations in the Plaintiffs' Complaint involve common questions of law (including the standards imposed by NEPA and the APA) and common facts (including the Federal Defendants' fulfillment of their obligations under those statutes). Both Plaintiffs' allegations and Chevron's defenses turn on the facts surrounding Federal Defendants' environmental review of the Lease Sale and whether that review satisfied applicable federal law. Absent intervention, Chevron would lack the opportunity to adequately defend its substantial interests in the specific Gulf of Mexico leases for which it was the highest bidder and has already paid the United States government one-fifth of the bonus bids for these tracts. As described above, the existing parties will not be prejudiced by Chevron's intervention, because the case is in its opening stages and Chevron agrees to abide by any procedural and briefing schedules entered by this Court.

## CONCLUSION

Chevron respectfully moves the Court for leave to intervene in this matter and file the proposed Answer submitted as Exhibit A.

Respectfully submitted this 28th day of May, 2019.

 /s/ Charles J. Engel
Charles J. Engel, III (D.C. Bar 359482)
Nikesh Jindal (D.C. Bar 492008)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
tengel@kslaw.com
njindal@kslaw.com

 /s/ John C. Martin
John C. Martin (D.C. Bar 358679)
Susan Mathiascheck (D.C. Bar 426754)
Sarah C. Bordelon (D.C. Bar 987135)
Holland & Hart, LLP
975 F Street, NW

Washington, D.C. 20004
JCMartin@hollandhart.com
SMMathiascheck@hollandhart.com
SCBordelon@hollandhart.com
Telephone: (202) 654-6915
Facsimile: (202) 393-6551

***Attorneys for Chevron U.S.A. Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May, 2019, I caused a true and correct copy of the foregoing Motion to Intervene in Support of Defendants and all attachments to be filed with the Court electronically and served by the Court's CM/ECF system upon listed counsel for the Plaintiffs, Federal Defendants, and proposed Intervenor American Petroleum Institute:

| | |
|---|---|
| Christopher D. Eaton. Esq.<br>Stephen D. Mashuda, Esq.<br>EARTHJUSTICE<br>705 Second Avenue<br>Suite 203<br>Seattle, WA 98104<br>Tel: (206) 343-7340<br>Fax: (206) 343-1526<br>ceaton@earthjustice.org<br>smashuda@earthjustice.org<br>*Counsel for Plaintiffs* | Steven J. Rosenbaum, Esq.<br>Bradley K. Ervin, Esq.<br>Covington & Burling, LLP<br>One CityCenter<br>850 Tenth St., N.W.<br>Washington, D.C. 20001<br>Tel: (202) 662-6000<br>Fax: (202) 662-6291<br>srosenbaum@cov.com<br>*Counsel for Proposed Intervenor American Petroleum Institute* |
| Brettny Elaine Hardy, Esq.<br>EARTHJUSTICE<br>50 California Street<br>Suite 500<br>San Francisco, CA 94111<br>Tel: (415) 217-2142<br>Fax: (415) 217-2040<br>bhardy@earthjustice org<br>*Counsel for Plaintiffs* | |

I further certify that on this 28th day of May, 2019, I caused a true and correct copy of the foregoing Motion to Intervene in Support of Defendants and all attachments to be delivered to the following by electronic mail:

Thomas W. Ports, Jr., Esq.
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0492
Fax: (202) 305-0506
Thomas.Ports.Jr@usdoj.gov
*Counsel for Federal Defendants*

   /s/   John C. Martin
John C. Martin

## INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Chevron U.S.A. Inc's Proposed Answer, Defenses, and Affirmative Defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief |
| B | Declaration of Carl Rewerts |
| C | Chevron U.S.A. Inc.'s Corporate Disclosure Statement |
| D | Proposed Order |

12471971_v6