# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEALTHY GULF, et al., | ) |
| | ) |
| *Plaintiffs*, | ) Civil Action No. 1:19-cv-00707-RBW |
| | ) |
| v. | ) |
| | ) MOTION FOR LEAVE TO FILE |
| DAVID BERNHARDT, et al., | ) SUPPLEMENTAL COMPLAINT |
| | ) |
| *Defendants*, | ) |
| | ) |
| and | ) |
| | ) |
| AMERICAN PETROLEUM INSTITUTE, et al., | ) |
| | ) |
| *Intervenor-Defendants*. | ) |

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(d), Plaintiffs Healthy Gulf, Sierra Club, and Center for Biological Diversity (collectively, "Conservation Groups') respectfully move for leave to file a supplemental complaint in this action. Defendant Secretary of the Interior David Bernhardt, acting through his delegated authority to the Department of the Interior and Bureau of Ocean Energy Management (collectively, "Interior"), issued a record of decision on July 19, 2019, to hold offshore oil and gas Lease Sale 253 in the Gulf of Mexico. Interior's decision to hold Lease Sale 253 relied on the same environmental analyses as its decision to hold offshore oil and gas Lease Sale 252, the subject of the existing action. The supplemental complaint challenges the decision to hold Lease Sale 253 for the same National Environmental Policy Act ("NEPA") and Administrative Procedure Act ("APA") failures underlying the causes of action in the challenge to Lease Sale 252. A copy of the proposed supplemental complaint is lodged as Exhibit A to this motion.

Interior and Intervenor-Defendant American Petroleum Institute ("API") have stated they do

not object to the requested relief.  Intervenor-Defendant Chevron U.S.A. Inc. has stated that it takes no position on the motion because it is premature to know if Chevron has a direct interest in Lease Sale 253.  Conservation Groups, Interior, and API agree that, if the Court grants this motion, the existing order vacating deadlines in this case (ECF No. 22) should remain in effect and extend to proceedings on the supplemental complaint to avoid the need for additional filings until after the Court resolves the challenges to lease sales 250 and 251 in *Gulf Restoration Network, et al. v. Zinke, et al.*, Civ. No. 18-01674.

## LEGAL STANDARD

Unlike an amended complaint, which "typically rest on matters in place prior to the filing of the original pleading," *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002), a supplemental complaint sets forth "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  A supplemental complaint is used "to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; [and] to include new parties where subsequent events have made it necessary to do so."  *Hicks*, 283 F.3d at 386 (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1504 (3d ed.2010)).

Before filing a supplemental complaint, a plaintiff must first request leave from the court. *Hall v. C.I.A.*, 437 F.3d 94, 100 (D.C. Cir. 2006); Fed. R. Civ. P. 15(d) (providing that a court "may, on just terms, permit a party to serve a supplemental pleading").  A motion for leave to supplement a pleading is "to be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action."  *Hall*, 437 F.3d at 101 (citation omitted); *BEG Investments, LLC v. Alberti*, 85 F. Supp. 3d 13, 24 (D.D.C. 2015).  Generally, leave

to supplement a pleading should be freely given. *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017); *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). "It is the opposing party's burden to demonstrate why leave should not be granted." *Lannan Found.*, 300 F. Supp. 3d at 12.

## ARGUMENT

Conservation Groups' request for leave to supplement should be granted in this case to promote judicial economy and the efficient resolution of the entire controversy between the parties. The challenge to Lease Sale 253 involves the same core of underlying facts, issues of law, and parties as the challenge to Lease Sale 252 in this case. The supplemental complaint simply adds limited new facts and legal allegations related to the decision to hold Lease Sale 253 that arose after the date on which Conservation Groups filed the complaint in this case.

Conservation Groups filed a complaint in a related case, *Gulf Restoration Network, et al. v. Zinke, et al.*, Civ. No. 18-01674, on July 16, 2018, challenging Interior's unlawful decisions to hold Lease Sales 250 and 251 in reliance on three, tiered environmental impact statements. *See* Order 1–2 (June 4, 2019), ECF No. 20. Conservation Groups filed a new complaint in the present case on March 13, 2019, challenging Interior's unlawful decision to hold Lease Sale 252 in reliance on the same environmental impact statements. *See id.* As the Court has recognized, the complaints involve common questions of law and fact, and identical causes of action: they challenge three offshore lease sale decisions made pursuant to essentially the same NEPA analysis. *Id.* The Court accordingly vacated the deadlines in this case (Civ. No. 19-707) while the Court resolves the claims in the 2018 case (Civ. No. 18-01674). Order (June 10, 2019), ECF No. 22. The Court also has granted the American Petroleum Institute and Chevron U.S.A. Inc. intervention in both cases. *Id.*

On July 19, 2019, Interior announced the availability of its record of decision to hold Lease

Sale 253. 84 Fed. Reg. 34,935 (July 19, 2019).[1] According to the record of decision, Interior made its decision based on the environmental analyses in the 2018 Supplemental Environmental Impact Statement—as it did in the record of decision for Lease Sale 252. The descriptions in the records of decision for Lease Sale 252 and Lease Sale 253 of Interior's assessment of the environmental impacts also are nearly identical. The supplemental complaint's challenge to the environmental analyses underlying the decision to hold Lease Sale 253 therefore is based largely on the same core facts as the existing complaint.

Supplementation is in the interests of justice and judicial economy. Given the similarities in the questions of fact and law, the causes of action, and the parties in the challenges to Lease Sales 252 and 253, supplementation would allow the Court to more easily resolve the entire controversy between the parties. It would enable the Court to adjudicate the closely related challenges as one case and to efficiently manage the proceedings on both 2019 lease sale challenges within the same docket. Allowing supplementation would not cause undue delay or inconvenience the proceedings in this case because all deadlines have been vacated. *Flaherty v. Pritzker*, 322 F.R.D. 44, 47 (D.D.C. 2017) (finding no undue delay when the proposed amendments did not "radically alter" the original complaint, so would not require defendants to expend substantial time and resources to respond, and because plaintiffs requested to amend early in the litigation—before the merits were briefed). Conservation Groups, Interior, and API would similarly consent to vacating all deadlines related to the supplemental complaint and the Lease Sale 253 challenge pending resolution of the related 2018 lease sale case. The procedural posture of this case would not change as a result of supplementation.

Allowing supplementation also would also minimize prejudice to the other parties in this

---

[1] Defendant Joseph Balash's signature on the record of decision itself is dated July 1, 2019.

case. If supplementation were denied, Conservation Groups would have to initiate a separate lawsuit against Interior. That would require the American Petroleum Institute and Chevron U.S.A. Inc. to apply again for intervenor status. All Defendants also would need to file a new answer, rather than simply amending the current one. Supplementation would impose a much lower burden on Intervenors and Interior. *The Fund for Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C. 2007) (holding that the interests of judicial economy and convenience were served when the supplemental complaint raised similar legal issues and thereby avoided a separate and redundant lawsuit).

Given the similarities in facts and legal claims between the original and supplemental complaint, the procedural posture of this case, and the parties involved, it makes more sense to add the challenge to Lease Sale 253 to the existing litigation than initiate a new case. Conservation Groups therefore respectfully request the Court to grant this motion. Conservation Groups also intend to agree to any conditions or orders necessary to maintain this case in its current procedural posture after supplementation.

## CONCLUSION

For the foregoing reasons, this Court should grant Conservation Groups' motion to supplement the complaint.

Respectfully submitted this 7th day of August, 2019.

        /s/ *Stephen D. Mashuda*
        Stephen D. Mashuda (DC Bar No. WA0005)
        Christopher D. Eaton (*pro hac vice*)
        EARTHJUSTICE
        705 2nd Ave., Suite 203
        Seattle, WA 98104
        206-343-7340 Telephone
        206-343-1526 Fax
        smashuda@earthjustice.org
        ceaton@earthjustice.org

Brettny Hardy (*pro hac vice*)
EARTHJUSTICE
50 California St., Suite 500
San Francisco, CA 94111
415-217-2000 Telephone
415-217-2040 Fax
bhardy@earthjustice.org

*Attorneys for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2019, I caused the foregoing to be filed and served upon counsel of record via the Court's CM/ECF filing system, which will send notice of such to all counsel of record.

*/s/ Stephen D. Mashuda*
Stephen D. Mashuda

*Attorney for Plaintiffs*